UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Eboni Latraca Mathis, | Case No. 14-57325 |
|     Debtor. _____/ | Hon. Phillip J. Shefferly |
| Timothy J. Miller, Chapter 7 Trustee, | Adversary Proceeding No. 15-5001-PJS |
|     Plaintiff, | |
| v. | |
| Eboni Latraca Mathis, | |
|     Defendant. _____/ | |

**OPINION GRANTING PARTIAL SUMMARY JUDGMENT FOR THE DEBTOR**

**Introduction**

This opinion presents a single issue: whether a Chapter 7 trustee may bring a cause of action against a debtor for damages caused to the bankruptcy estate by the debtor's failure to comply with the debtor's duties under § 521(a)(1), (3) and (4) of the Bankruptcy Code. For the reasons explained in this opinion, the Court holds that a Chapter 7 trustee may not.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## Facts

On November 6, 2014, Eboni Latraca Mathis ("Debtor") commenced this case by filing a pro se Chapter 13 petition. Like many pro se Chapter 13 debtors, the Debtor had difficulty meeting all of the obligations of Chapter 13. The Chapter 13 trustee moved for dismissal, supported by the United States Trustee ("UST"). On March 6, 2015, the Debtor retained an attorney. Shortly after that, the Debtor, the Chapter 13 trustee and the UST entered a stipulation providing for the case to be converted to Chapter 7. On April 20, 2015, the Court converted the case.

Following conversion, Timothy J. Miller ("Trustee") was appointed as the Chapter 7 trustee. Dissatisfied with the level of cooperation by the Debtor in providing required documents and in surrendering property of the estate, the Trustee filed this adversary proceeding on October 8, 2015, seeking various forms of relief. On October 29, 2015, the Trustee filed an amended complaint (ECF No. 4) containing five counts. Three of those counts object to the Debtor's discharge, another count seeks turnover of certain personal property by the Debtor to the Trustee, and another count, count III, seeks a money judgment against the Debtor for breach of her statutory duties. Now represented by a different attorney, the Debtor answered the amended complaint.

On February 18, 2016, the Trustee filed a motion for summary judgment (ECF No. 20), supported by an affidavit of the Trustee. On March 9, 2016, the Debtor filed a motion for summary judgment (ECF No. 23), supported by an affidavit of the Debtor. The parties' cross motions and supporting affidavits make competing statements about the Debtor's conduct and whether the Debtor did or did not fail to provide the Trustee with required documents, fail to surrender to the Trustee property of the estate, and fail to otherwise cooperate with the Trustee. On April 8, 2016, the Court held a hearing on the cross motions. The Court concluded that the three counts of the amended

complaint objecting to the Debtor's discharge all have genuine issues of material fact that preclude summary judgment for either party. The Court also concluded that the Trustee was entitled to a partial summary judgment on the turnover count. The Court took under advisement the parties' cross motions on count III of the amended complaint for damages as a result of the Debtor's breach of her statutory duties under § 521.

## Summary Judgment Standard

Fed. R. Civ. P. 56 for summary judgment is incorporated into Fed. R. Bankr. P. 7056. Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48. A "genuine" issue is present "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998) (quoting Anderson, 477 U.S. at 248).

## Discussion

Count III of the amended complaint alleges that the Debtor breached three specific statutory duties under the Bankruptcy Code. First, the Trustee alleges that the Debtor breached her duty under § 521(a)(1)(B)(vi), which provides as follows:

(a) The debtor shall–
  (1) file–
     . . .
    (B) . . .
      (vi) a statement disclosing any reasonably anticipated increase in income
      or expenditures over the 12-month period following the date of the filing of
      the petition[.]

-3-

Second, the Trustee alleges that the Debtor breached her duty under § 521(a)(3), which provides as follows:

> (a) The debtor shall–
> . . .
> (3) if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title[.]

Third, the Trustee alleges that the Debtor breached her duty under § 521(a)(4), which provides as follows:

> (a) The debtor shall–
> . . .
> (4) if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title[.]

The Trustee alleges in the amended complaint that the Debtor breached these statutory duties in several respects by failing to file an accurate statement of her reasonably anticipated income and expenditures in the 12 months post-petition, failing to cooperate with the Trustee's broker in the showing of the Debtor's residence to prospective buyers, and failing to surrender to the Trustee a vehicle, some personal property and an interest in a limited liability company. In his motion for summary judgment, the Trustee argues that there are no genuine issues of material fact in dispute regarding the Debtor's breach of duties, and that the estate has been damaged by these breaches because of the additional fees and expenses that the Trustee has incurred in compelling the Debtor to perform her duties.

The Debtor makes two arguments in response. First, relying on her own affidavit, the Debtor asserts that there are genuine issues of material fact as to whether the Debtor actually did breach any of her statutory duties under § 521 of the Bankruptcy Code. This alone precludes summary

-4-

15-05001-pjs    Doc 30    Filed 04/18/16    Entered 04/18/16 13:27:07    Page 4 of 14

judgment in favor of the Trustee. Second, and quite apart from any factual issues regarding the performance of the Debtor's statutory duties in this particular case, the Debtor argues that as a matter of law, the Trustee cannot bring a cause of action against the Debtor to recover damages caused by a breach of her statutory duties under § 521 of the Bankruptcy Code.

After reviewing the affidavits signed by the Trustee and the Debtor, the Court finds that there are genuine issues of material fact with respect to the Trustee's allegations that the Debtor has breached her duties under § 521. The resolution of those disputed issues of fact must wait for trial. However, just because those issues of fact cannot be resolved at this time does not mean that the Court cannot address the legal issue raised by the parties' cross motions for summary judgment: whether a cause of action lies in favor of a Chapter 7 trustee against a debtor who breaches their statutory duties under § 521.

The Trustee concedes that the Bankruptcy Code does not expressly authorize a Chapter 7 trustee to recover damages because of a debtor's breach of their statutory duties under § 521, but argues that the Bankruptcy Code implies the existence of such a cause of action:

> A cause of action for damages sustained by the estate as a result of a debtor's breach of such duties is implied. The statutes, when read in the context of the broad powers granted to the Bankruptcy Court under § 105(a), give this Court the power to issue judgments that are necessary to carry out the provision of the Code. Here, the Debtor breached his [sic] duties to cooperate with the trustee and surrender property. Congress would not have enacted such duties if there were no penalty for failing to comply.

(Trustee's Br. at 9-10, ECF No. 20.)

The Debtor agrees that there is no provision in the Bankruptcy Code that expressly authorizes a cause of action in favor of a Chapter 7 trustee against a debtor for breach of a debtor's duties under § 521. But this does not leave a trustee without remedy. According to the Debtor,

-5-

> if a trustee seeks sanctions from an uncooperative Debtor the Trustee should bring the issue to the court and obtain an order compelling the Debtor's compliance. If the Debtor then continues to be uncooperative the Trustee may then come to the court to enforce the court's order through contempt proceedings seeking sanctions under 11 U.S.C. §105. The cases which have addressed similar issues have held that the usual way of addressing a Debtor's misconduct is to cause the Debtor to lose a statutory right such as a discharge or an exemption.

(Debtor's Br. at 8, ECF No. 23.)

Neither the Trustee nor the Debtor cite any controlling authority as to whether there is an implied cause of action for damages for breach of a debtor's duties under § 521. However, there is a well developed body of case law that addresses under what circumstances a court should find that a private cause of action is implied in a federal statute that does not expressly provide a remedy. In Cort v. Ash, 422 U.S. 66 (1975), the Supreme Court considered whether a private cause of action for damages could be brought for violation of a criminal statute that prohibited corporations from making contributions in connection with the election of certain political office holders. The Supreme Court ultimately concluded that there was no basis to imply a private cause of action under the criminal statute before it. In reaching its decision, the Supreme Court set forth a framework for courts to employ in considering whether a private cause of action is implied in a federal statute that does not expressly provide for a private cause of action.

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose especial benefit the statute was enacted -- that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

Id. at 78 (citations omitted). "Cases subsequent to Cort have explained that the ultimate issue is whether Congress intended to create a private right of action, but the four factors specified in Cort remain the criteria through which this intent could be discerned." California v. Sierra Club, 451 U.S. 287, 293 (1981) (internal quotation marks and citations omitted).

The Sixth Circuit Court of Appeals has applied the Cort factors in the bankruptcy context. In Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000), the plaintiffs sued the defendant for allegedly soliciting post-discharge reaffirmation agreements. The court in Pertuso cautioned that the existence of a private right of action is not to be inferred "haphazardly," and explained that "the recognition of a private right of action requires affirmative evidence of congressional intent in the language and purpose of the statute or its legislative history." Id. at 421. The court found no such affirmative evidence regarding § 524 of the Bankruptcy Code. The court found it "instructive" that Congress amended § 362(h) in 1984 "to provide an express right of action," yet added no similar express right of action under § 524, even though it amended § 524 in other respects at the same time. Id. at 422.

An earlier case decided by the Sixth Circuit Court of Appeals under the Bankruptcy Act, Ryan v. Ohio Edison Co., 611 F.2d 1170 (6th Cir. 1979), addressed a class action lawsuit against a utility company for attempting to collect debts that had previously been discharged in bankruptcy. Interpreting Cort, the Ryan court read the Supreme Court as being "extremely reluctant to imply a cause of action significantly broader than the remedy Congress chose to provide." Id. at 1177. "Where Congress has provided a specific provision, the court should not expand the remedy beyond the limits where Congress was prepared to go." Id. (citations omitted); see also Kelvin v. Avon Printing Co. (In re Kelvin Publishing, Inc.), No. 94-1999, 72 F.3d 129 (Table), 1995 WL 734481

(Dec. 11, 1995) (finding no private cause of action under § 363 for violation of a cash collateral order after applying the four Cort factors, noting that, even though the first factor weighed in favor of finding an implying a private cause of action, the "other three suggest[ed] restraint").

In the case presently before this Court, the first factor identified in Cort does not help the Trustee. A debtor's duty to file a statement disclosing any reasonably anticipated increase in income or expenditures pursuant to § 521(a)(1)(B)(vi) provides a benefit first and foremost to the creditors of a debtor. Knowing a debtor's reasonably anticipated increase in income or expenses in the 12 month period following the filing of the petition helps inform creditors as to whether a debtor has an ability to repay their debts. This information enables creditors to evaluate whether a debtor belongs in a Chapter 7 case or a Chapter 13 case, in other words, whether a debtor is in need of the relief they are seeking under the Bankruptcy Code. In a Chapter 7 case, like the Debtor's case, this information informs creditors, as well as the trustee appointed in the case and the UST, whether they have a basis to request conversion to Chapter 13 under § 706 or dismissal under § 707. Further, this information assists creditors as they evaluate exemptions claimed by a debtor that require scrutiny of whether the property claimed as exempt is reasonably necessary for the support of the debtor or dependent of the debtor.[1] The information that is required to be disclosed in § 521(a)(1)(B)(vi) is undoubtedly of assistance to a trustee in administering a Chapter 7 case. But, at most, the trustee is just one of many parties who derive a benefit from the statute's requirement that the debtor file such information.

---

[1] See § 522(d)(10)(D), payment for alimony or support; (10)(E), payment under a stock bonus, pension, profit sharing or annuity; (11)(B), payment on account of wrongful death); (11)(C), payment under a life insurance contract; and (11)(E), payment for loss of future earnings. The exemptible amount for each of these categories is limited to what is "reasonably necessary for the support of the debtor and any dependent of the debtor."

Similarly, performance of a debtor's duty to cooperate under § 521(a)(3) enables a Chapter 7 trustee to perform their responsibilities under § 704 of the Bankruptcy Code with greater efficiency. But ultimately, the purpose of the trustee's performance of responsibilities under § 704 is to benefit the debtor's creditors and enable them to receive a distribution on the debts that are owed to them by the debtor.

Likewise, a debtor's duty under § 521(a)(4) to surrender property to a trustee benefits all parties in interest – whether creditors, equity security holders or the trustee. The trustee needs to obtain a debtor's property to administer under § 704 as expeditiously and economically as possible. But the entire purpose of that administration is to benefit the debtor's creditors, not the trustee. Although the trustee is a beneficiary of the estate because the trustee is entitled to compensation under § 326 and § 330 of the Bankruptcy Code, the trustee is perhaps the beneficiary with the least financial stake in the debtor's performance of their duties. Bankruptcy estates are administered for the benefit of creditors, not trustees. A Chapter 7 trustee is not "one of the class for whose especial benefit" § 521 was enacted.

Regarding the second Cort factor, the Trustee has not cited any legislative history to suggest that Congress intended either explicitly or implicitly to create a private cause of action in favor of a trustee against a debtor for breach of a debtor's duties under § 521. Nor has the Court's own research revealed any legislative history to suggest such congressional intent.

As for the third factor, the primary purpose of a bankruptcy case is to enable an honest and needy debtor to seek a fresh start by discharging their liabilities. Creating a cause of action against a debtor by implication in the Bankruptcy Code based on a debtor's breach of their statutory duties, and imposing liability for damages on account of such breach, is not consistent with the underlying

-9-

purposes of the Bankruptcy Code. That is not to say that a debtor's compliance with their statutory duties is optional. It is not. And there are ample remedies available to deal with a non-compliant debtor. For example, a debtor's failure to perform their duties under § 521 may constitute cause for dismissal of a Chapter 7 case under § 707(a), dismissal or conversion under § 1112(b), or dismissal or conversion under § 1307(c). In addition, a trustee who has a debtor that is not performing their statutory duties under § 521 may seek an order compelling the performance of those duties and, upon failure of the debtor to comply with such order, may seek a finding of contempt and a monetary award to induce the debtor to perform their duties. In egregious cases under Chapter 7, the debtor's failure to perform those duties may lead to denial of discharge under § 727.[2] Even after entry of the discharge, a trustee may seek to revoke a debtor's discharge.[3]

---

[2] Section 727(a)(3) provides that a discharge may be denied where a debtor has "failed to keep or preserve any recorded information, including books, documents record, and papers, from which the debtor's financial condition or business transactions may be ascertained, unless such act or failure was justified under all of the circumstances of the case." Section 727(a)(4)(D) provides that discharge may be denied where a debtor has knowingly and fraudulently "withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." Section 727(a)(5) provides that discharge may be denied where the debtor "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." And if a trustee has sought and obtained an order from the court compelling a debtor to perform their duties under § 521 and such debtor refuses to obey the order, the Court may deny the debtor's discharge under § 727(a)(6)(A).

[3] A discharge may be revoked under § 727(d) if it was obtained by fraud, if the debtor acquired property of the estate and "knowingly and fraudulently failed to report" it, or if the debtor "refused to obey a lawful order of the court."

The existence of these express remedies under the Bankruptcy Code,[4] all of which may cause the debtor to lose the ability to prosecute a bankruptcy case or obtain a discharge, are much more compatible with the underlying purpose of a bankruptcy case – that is, to seek a discharge of debts and a fresh start. Awarding damages to a trustee against a non-cooperative debtor is not consistent with the purpose of the legislative scheme.

The fourth <u>Cort</u> factor has no application in this case one way or the other because there is no duty to provide information or surrender property under § 521 absent the filing of a bankruptcy case. Because these duties do not exist outside of a bankruptcy case, there are no state law considerations.

None of the four <u>Cort</u> factors provide even the slightest hint that Congress intended to create a private right of action in favor of a trustee and against a debtor for breach of the debtor's duties under § 521. To the contrary, three of the four <u>Cort</u> factors weigh strongly against finding an implied cause of action in favor of the Trustee in this case.

The Trustee's brief in support of his motion for summary judgment does not specifically address the <u>Cort</u> factors or the <u>Pertuso</u> analysis. Instead, the Trustee relies on both § 105(a) of the Bankruptcy Code and case law that has employed § 105 in various circumstances. Section 105(a) provides as follows:

---

[4] In addition to the express remedies in the Bankruptcy Code, courts have occasionally used other creative remedies to address uncooperative debtors. <u>See</u>, <u>e.g.</u>, <u>Olsen v. Zerbetz</u> (<u>In re Olsen</u>), 36 F.3d 71 (9th Cir. 1994) (equitably tolling the statute of limitations for avoiding post-petition transfers where the debtors transferred real property to their children while the property was for sale by the estate); <u>In re Johnson</u>, 281 B.R. 269 (Bankr. W.D. Ky. 2002) (barring a debtor from re-filing for six years for her "egregious" conduct in ignoring an order of the court); <u>In re Stinson</u>, 269 B.R. 172 (Bankr. S.D. Ohio) (entering a joint and several judgment against the debtor and her attorney for the amount of a tax refund as a sanction for failing to turnover tax returns and the refund).

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Trustee's brief in support of summary judgment cites John Richards Homes Building Co., L.L.C. (In re John Richards Homes Building Co., L.L.C.), 404 B.R. 220 (E.D. Mich. 2009) for the proposition that bankruptcy courts have broad power under § 105(a), and that bankruptcy courts have inherent power to issue sanctions. No argument here. Section 105 does provide a bankruptcy court with broad power. See, e.g., Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 375 (2007) (holding that § 105(a) was "surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors"). But it is not unlimited. See, e.g., Law v. Siegel, __ U.S. __, 134 S. Ct. 1188, 1194 (2014) ("[I]n exercising [its § 105(a)] powers, a bankruptcy court may not contravene specific statutory provisions."). Whatever may be its outer limits, § 105 does not authorize the Court to find an implied, private right of action in a statute that does not contain an express cause of action where the factors enumerated by Cort and further explained by Pertuso do not warrant a court finding an implied cause of action. The very same argument that the Trustee is making in this case – that § 105(a) provides the legal authority for the Court to imply a private right of action under a section of the Bankruptcy Code – was expressly rejected both in Pertuso and Kelvin.

> As to the argument that violations of § 524 may be remedied pursuant to § 105 (the section that authorizes courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"), we rejected a similar argument in Kelvin. In holding that § 105 could not be invoked to remedy breaches of § 363, we expressed ourselves as follows:

-12-

> "[W]e do not read § 105 as conferring on courts such broad remedial powers. The 'provisions of this title' simply denote a set of remedies fixed by Congress. A court cannot legislate to add to them."

Pertuso, 233 F.3d at 423 (quoting Kelvin, 1995 WL 734481, at *4).

In this case, there is no evidence of any congressional intent, either in the language of § 521 itself or in the legislative history, that supports a finding that a Chapter 7 trustee has an implied, private right of action against a debtor who breaches their statutory duties under § 521. Nor does § 105 permit the Court to find a private, implied cause of action in favor of a trustee against a debtor for breach of § 521.

## Conclusion

By rejecting the Trustee's argument that there is an implied cause of action for damages against a debtor who breaches their duties under § 521 to cooperate with the Trustee, to file information and to surrender property, the Court does not mean to suggest that a debtor may take those duties lightly. The provisions of that section are mandatory, not optional. And the Trustee is correct that a trustee should not have to pull teeth to get a debtor to file required information and surrender property that is required to be surrendered. But if a debtor fails to perform those duties in an honest and diligent fashion, trustees and creditors are not without remedy. The Court earlier in this opinion noted several remedies that exist. Where the facts so warrant, the Court has no hesitation in granting motions to compel a debtor to perform their duties upon a showing that they have failed to do so, to award sanctions and find contempt where a debtor disobeys an order, or to dismiss a case or deny discharge. But reaffirming the importance of the debtor's duties and acknowledging a willingness to employ remedies when a debtor breaches those statutory duties does

-13-

not give the Court license to create a private, implied cause of action for damages in favor of a trustee against a debtor who fails to perform such duties.

For these reasons, the Court will deny the Trustee's motion for summary judgment on count III of the amended complaint and will grant the Debtor's motion for summary judgment on count III of the amended complaint. The Court will enter a separate order consistent with this opinion.

.

**Signed on April 18, 2016**

                                               **/s/ Phillip J. Shefferly**
                                               **Phillip J. Shefferly**
                                               **United States Bankruptcy Judge**